IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DENNIS SHIPMAN    *
    Petitioner
        *
    v.    CIVIL ACTION NO. ELH-13-398
        *
MARK D. SAMMONS, et al.,
    Respondents    *
******

**<u>MEMORANDUM</u>**

The court is in receipt of the request for mandamus relief filed by Dennis Shipman, who is self-represented. He complains that employees of the United States Bankruptcy Court for the District of Maryland have failed properly to process his filings. He names as respondents Mark D. Sammons, Clerk of the Bankruptcy Court, and the Honorable Thomas J. Hogan, former head of the Administrative Office of the Courts. ECF No. 1. In particular, petitioner alleges that Bankruptcy Court employees have intentionally mishandled his application for bankruptcy relief. He seeks an order directing respondents "respond to an official complaint; a complaint contending that plaintiff's pleadings are being intentionally mishandled by subordinate personnel in the clerk's office; for an official explanation of why plaintiff has not received back emergency filings, or why he has received 'deficiency notices' alleging either 'technical' or 'procedural' error..." *Id*. Because petitioner appears to be indigent, his motion to proceed in forma pauperis (ECF 2) shall be granted, pursuant to 28 U.S.C. § 1915(a).

Under 28 U.S.C. §1361, the district courts have original jurisdiction as to any action in the nature of mandamus to compel an officer or employee of the United States or an agency thereof to perform a duty owed to the plaintiff. In order to meet the requirements for mandamus relief, petitioner must show that he has the clear legal right to the relief sought; that respondent has a clear

legal duty to do the particular act requested; and that no other adequate remedy is available. The failure to show any of these prerequisites defeats a district court's jurisdiction under § 1361. *See National Association of Government Employees v. Federal Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993). In addition, mandamus cannot be used to compel the performance of discretionary duties of federal government officers; mandamus will lie only to compel ministerial acts. *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *Plato v. Roudebush*, 397 F. Supp. 1295, 1304-05 (D.Md. 1975). A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment. *Neal v. Regan*, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984).

Petitioner has failed to meet the above established criteria. A review of the docket in petitioner's bankruptcy proceeding reveals that the case was accepted for filing and proceeded in the normal manner. Petitioner raised concerns regarding how his filings were handled with the Bankruptcy Judge, who rejected petitioner's arguments. On May 31, 2013, petitioner's motion to dismiss the bankruptcy case was granted. *See In Re Dennis Shipman*, Bankruptcy Petition No. 13-10403. (D. Md. Bankr. Ct.). If petitioner is aggrieved by any decision rendered in his bankruptcy case, he is free to file a timely appeal, in accordance with law. Therefore mandamus relief is not appropriate. *See In re United Steelworkers of Am.*, 595 F. 2d 958, 960 (4th Cir. 1979). As petitioner has made no showing in the instant action that warrants the granting of extraordinary relief, his petition for writ of mandamus shall be denied.

A separate Order follows.

Dated: July 1, 2013                             /s/
                                        Ellen Lipton Hollander
                                        United States District Judge